UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**CHRISTOPHER M. JOHNSON**             **CIVIL ACTION NO. 20-1600-P**

**VERSUS**                             **JUDGE FOOTE**

**WARDEN DARRLY VANNOY**               **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Christopher Michael Johnson, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on December 8, 2020. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. Petitioner names Warden Darrly Vannoy as respondent.

On April 10, 2014, Petitioner was convicted of attempted first degree murder and second degree kidnapping in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a habitual offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the attempted first degree murder conviction and 35 years imprisonment at hard labor as to the attempted second degree kidnapping conviction. The trial court ordered the sentences to run consecutively.

In support of this petition, Petitioner alleges (1) he was subjected to double jeopardy, (2) his sentences are excessive, (3) he received ineffective assistance of counsel (4 Claims),

(4) the evidence was insufficient to support his convictions, and (5) the trial judge failed to properly charge the jury regarding circumstantial evidence.

Petitioner must demonstrate that he has exhausted state court remedies with respect to the claims he raises in this petition.  In order to satisfy the exhaustion requirement, the claim must be presented to the state's highest court, even when review by that court is discretionary.  Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999).  In Louisiana, the highest court is the Supreme Court of Louisiana.  Petitioner fails to demonstrate that he properly presented his claims he attempts to present herein at each level of the state courts.  Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims he attempts to present herein.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).  This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations.  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997).  Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

---

[1] §2254 provides, in pertinent part:

In addition, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of <u>habeas corpus</u> by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days from the date of this order, a copy of the legal memorandum he filed at each level of the state courts and the date that it was filed and the responses he received from each state court in order to demonstrate that he has presented the issues he attempts to raise herein at each level of the state courts.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). This response shall include the dates on which each post-conviction relief application was filed in each of the state courts and the dates on which the state courts responded to each.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the**

---

(b)(1) An application for a writ of <u>habeas corpus</u> on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

**Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

  **THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 5th day of March, 2021.

Mark L. Hornsby<br>
U.S. Magistrate Judge