# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER M. JOHNSON** | **CIVIL ACTION NO. 20-1600-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN DARRLY VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

### JUDGMENT

Considering the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections filed by Petitioner;

**IT IS ORDERED** that Petitioner's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Report and Recommendation of the Magistrate Judge appropriately recommended to dismiss Petitioner's habeas petition for failure to prosecute after Petitioner failed to respond to a court order. Record Document 5. After the issuance of the Report and Recommendation, Petitioner timely filed an objection. Record Document 6. In his objection, Petitioner attempts to partially comply with the Magistrate Judge's order by laying out the timeline of his state court proceedings. *See id.* However, the prior order also required Petitioner to submit "a copy of the legal memorandum he filed at each level of the state courts and the date that it was filed and the responses he received from each state court in order to demonstrate that he has presented the issues he attempts to raise herein at each level of the state courts." Record Document 4 at 3. Petitioner plainly did not comply with this directive, nor did he attempt to explain his noncompliance. Without these documents, the Court cannot properly screen Petitioner's habeas petition. Accordingly, Petitioner's failure to comply with the Magistrate Judge's order necessitates a dismissal without prejudice pursuant to Rule 41(b). *See id.* (warning Petitioner that noncompliance would result in dismissal).

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The Court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability because the applicant has not made a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this __10th__ day of March, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE